IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-837-NJR-DGW |
| ) | |
| ANGEL RECTOR and DR. VIPIN SHAH, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Rector and Shah (Doc. 30) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Darrell Smith, an inmate at Pinckneyville Correctional Center ("Pinckneyville") filed this action alleging that Defendants Angel Rector and Dr. Vipin Shah were deliberately indifferent to his serious medical needs. Plaintiff's original complaint was dismissed without prejudice and Plaintiff filed his amended complaint on October 11, 2013 (Doc. 8). After an initial screening of Plaintiff's amended complaint, he was allowed to proceed on one count against Defendants Rector and Shah for deliberate indifference for denying treatment of

Plaintiff's toenail fungus.

Defendants Rector and Shah filed a motion for summary judgment on August 25, 2014 arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 30). Based on the affidavit of Terri Anderson, custodian of records for the Illinois Department of Corrections, as well as a record of Plaintiff's grievances received from the Administrative Review Board ("ARB"), Defendants assert that Plaintiff did not receive a final determination as to any grievance concerning treatment of his toenail fungus prior to filing this lawsuit on October 11, 2013. Specifically, Defendants assert that Plaintiff's grievance records contain only three grievances relevant to the treatment of his toenail fungus. Defendants assert that these grievances, filed on April 17, 2013, August 20, 2013, and October 7, 2013, are insufficient to show that Plaintiff exhausted his administrative remedies.

With respect to the April 17, 2013 grievance, Plaintiff complains of having to pay a $5.00 co-pay prior to seeing a nurse during sick-call and then being told that they do not treat toenail fungus. Plaintiff requests that he either receive a refund for his co-payment or receive the treatment he desires. Plaintiff makes no mention of either Defendant Rector or Shah, nor does he specifically complain of the treatment he has received for his toenail fungus. This grievance was reviewed by Plaintiff's counselor and the grievance officer. The warden concurred in the grievance officer's response on June 10, 2013. Plaintiff subsequently appealed the warden's decision to the ARB which received it on June 24, 2013. On October 29, 2013, the ARB issued its final determination as to Plaintiff's grievance.

Plaintiff also filed a grievance dated August 20, 2013 complaining of the inadequate treatment he was receiving for his toenail fungus at Pinckneyville. Plaintiff again complains of

having to pay a co-pay and not receiving any treatment or medicine. This grievance was reviewed by the grievance officer on September 16, 2013 and the warden concurred in the grievance officer's decision on September 18, 2013. The ARB received this grievance on September 27, 2013 and issued its final determination on October 29, 2013.

Plaintiff's grievance dated October 7, 2013 complains of issues related to his insulin injections as well as receiving inadequate treatment for his toenail fungus. Again, this complaint does not reference either Defendant by name, or indicate a specific time wherein they denied him treatment. However, Plaintiff states that Pinckneyville does not treat toenail fungus and, as a diabetic, he is at risk. Plaintiff's counselor reviewed this grievance and responded on October 5, 2013. This grievance was received by the ARB on October 21, 2013. However, the ARB did not make a final determination. Rather, the ARB asked Plaintiff to provide a copy of the grievance officer's and warden's response to this grievance. Further, Plaintiff was advised that this issue had been addressed previously and he needed to include dates for the incidents complained of. There is no evidence that Plaintiff ever provided the ARB with the additional information requested or received a final determination on the issues complained of in this grievance.

In conjunction with the filing of their Motion, Defendants filed a Rule 56 Notice, informing Plaintiff of the perils of failing to respond to their Motion for Summary Judgment within the proper timeframe (Doc. 32). Plaintiff's response to Defendants' Motion was initially due on September 29, 2014. However, due to Plaintiffs' failure to submit any response, the Court extended the deadline, sua sponte, to December 1, 2014 (Doc. 33). In the Court's Order extending the response deadline, the Court informed Plaintiff that his failure to file a response

may result in a finding that this failure to respond is an admission of the motion's merits, pursuant to Local Rule 7.1(g). Plaintiff has not filed a response to Defendants' Motion.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(g). In this case, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment, although he was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Plaintiff filed three grievances concerning treatment of his toenail fungus while incarcerated at Pinckneyville. Based on a review of the available evidence, it is apparent that the

relevant grievances are insufficient to establish exhaustion. Specifically, the grievances dated April 17, 2013 and August 20, 2013 were received by the ARB on June 24, 2013 and September 27, 2013, respectively. The ARB issued its final determination on these grievances on October 29, 2013. Accordingly, the ARB responded to Plaintiff's grievance dated April 17, 2013 approximately four months following receipt and, similarly, the ARB responded to Plaintiff's grievance dated August 20, 2013 approximately one month after receipt. According to the Illinois Administrative Code, the ARB shall make a final determination of a grievance "within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." ILL. ADMIN. CODE TIT. 20, § 504.850(f). In this instance, Plaintiff filed suit on October 11, 2013, prior to receiving the final determination of the ARB on his grievances. Importantly, Plaintiff failed to wait six months for a response from the ARB prior to filing his suit. Further, the Court notes that Plaintiff does not complain about either Defendant Rector or Defendant Shah in these grievances. Rather, Plaintiff's grievances complain about the policy of treating toenail fungus at Pinckneyville, something that these Defendants are not responsible for. For these reasons, the April 17, 2013 and August 20, 2013 grievances are insufficient to establish exhaustion for Plaintiff's claims in this lawsuit.

Plaintiff's grievance dated October 7, 2013 is also insufficient to establish exhaustion. Specifically, this grievance was written only four days before Plaintiff filed this lawsuit and, as such, was not received by the ARB until after this suit was filed. Furthermore, the ARB never made a final determination on this grievance as Plaintiff failed to provide the grievance officer's and warden's response with his appeal. Accordingly, it is apparent that this grievance was not fully exhausted prior to the filing of this suit.

### RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Rector and Shah (Doc. 30) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust his administrative remedies prior to filing suit; that the action be **DISMISSED**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 23, 2014**

                                                                         **DONALD G. WILKERSON**
                                                                         **United States Magistrate Judge**