IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-837-NJR-DGW |
| | ) |
| ANGEL RECTOR and DR. VIPIN SHAH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 36), which recommends that this Court grant Defendant Angel Rector's and Defendant Dr. Vipin Shaw's Motion for Summary Judgment (Doc. 30). The Report and Recommendation was entered on December 23, 2014. No objections have been filed.

Plaintiff Darrell Smith, an inmate at Pinckneyville Correctional Center ("Pinckneyville"), filed this case on August 15, 2013, asserting that Defendants Rector and Shah were deliberately indifferent to his serious medical needs. Plaintiff's original complaint was dismissed without prejudice, and Plaintiff filed an Amended Complaint on October 11, 2013 (Doc 8). Plaintiff's deliberate indifference claim against Defendants Rector and Shah for denying Plaintiff treatment of his toenail fungus survived threshold review (Doc. 9).

On August 25, 2014, Defendants Rector and Shaw filed a motion for summary

judgment on the basis that Plaintiff failed to exhaust his administrative remedies before bringing suit (Doc. 30). Plaintiff did not respond to the motion for summary judgment, despite being warned of the perils of failing to file a response to the motions for summary judgment (Docs. 32). Due to Plaintiff's failure to submit any response, Magistrate Judge Wilkerson extended the response deadline, *sua sponte*, to December 1, 2014 (Plaintiff's original response deadline was September 29, 2014) (Doc. 33). A response was never filed. Because Plaintiff never contested the issue of exhaustion, Magistrate Judge Wilkerson canceled the *Pavey* hearing that was scheduled for December 18, 2014 (Doc. 34).

On December 23, 2014, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 36). The Report and Recommendation accurately states the nature of the evidence presented on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give "fresh consideration to those issues to which specific objections have been made." *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure*

3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. 636(b), however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

Based on the evidence submitted by Defendants in support of their motions for summary judgment, Plaintiff has not exhausted his administrative remedies. The Court agrees that the grievances dated April 17, 2013, August 20, 2013, and October 7, 2013, are insufficient to establish exhaustion. As to the grievances dated April 17, 2013, and August 20, 2013, Plaintiff prematurely filed suit before he received a final determination of the ARB and before the six-month timeframe had elapsed. *See, e.g. Randle v. Corbitt*, No. 3:13-CV-01009-SMY-PMF, 2015 WL 720578, at *3 (S.D. Ill. Feb. 18, 2015) (finding that prisoner failed to exhaust when he filed suit prior to the end of the six month guideline for the ARB to respond); *Buie v. Lock*, No. 13-1157, 2014 WL 3925058, at *6 (C.D. Ill. Aug. 11, 2014) (same); *Love v. Hardy*, No. 12 C 8776, 2013 WL 3353920, at *2 (N.D. Ill. July 2, 2013) (same). As to the grievance dated October 7, 2013, it was not received by the ARB until after this suit was filed.

Further, Plaintiff has provided no evidence to dispute the evidence and assertions set forth in Defendants' motion for summary judgment, despite being given ample time and opportunity to do so and despite being warned on two occasions that his failure to file a response to the motion for summary judgment may be considered an admission of

the merits (*See* Docs. 32 & 33). Because it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, his claims against Defendants Rector and Shah must be dismissed.

      The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 36) and **GRANTS** Defendant Rector's and Defendant Shah's Motion for Summary Judgment (Doc. 30). Plaintiff's claims against Defendants Rector and Shah are **DISMISSED without prejudice**. The case is now closed, and judgment will be entered accordingly.

      **IT IS SO ORDERED.**

      DATED:   March 12, 2015

                                              s/ Nancy J. Rosenstengel_____
                                              **NANCY J. ROSENSTENGEL**
                                              **United States District Judge**